﻿Citation Nr: AXXXXXXXX
Decision Date: 01/17/19 Archive Date: 01/16/19

DOCKET NO. 180917-362
DATE: January 17, 2019

ORDER

Entitlement to service connection for a bladder condition is denied.

Entitlement to service connection for a bowel condition is denied.

Entitlement to service connection for a left hip condition is denied.

The petition to reopen a claim for service connection for a right hip disability is denied.

The petition to reopen a claim for service connection for a low back disability is denied. 

The appeal seeking revision of the March 2015 Board decision on the basis of CUE is dismissed. 

REMANDED

Entitlement to service connection for a left ankle condition is remanded.

Entitlement to service connection for a left knee condition is remanded.

Entitlement to service connection for erectile dysfunction is remanded.

FINDINGS OF FACT

1. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time prior to the September 2018 rating decision on appeal, a current diagnosis of a bladder condition.

2. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time prior to the September 2018 rating decision on appeal, a current diagnosis of a bowel condition.

3. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time prior to the September 2018 rating decision on appeal, a current diagnosis of a left hip condition.

4. A January 2008 rating decision denied service connection for a low back disability and the Veteran appealed the decision to the Board.

5. A March 2015 Board decision denied service connection for a left ankle disability, left knee disability, low back disability, and right hip disability. 

6. The March 2015 Board decision subsumed the prior January 2008 rating decision that denied service connection for a low back disability.

7. No evidence has been received since the March 2015 Board decision that is new and relevant to the issues of a right hip disability or low back disability. 

8. The RO does not have jurisdiction to determine the issue of entitlement to service connection for a low back disability in a March 2015 Board decision, and thus there is no appeal of this issue from the RO. 

CONCLUSIONS OF LAW

1. The criteria for service connection for a bladder condition are not met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).

2. The criteria for service connection for a bowel condition are not met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).

3. The criteria for service connection for a left hip condition are not met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).

4. New and relevant evidence has not been submitted to reopen the claim of service connection for a right hip disability. 38 U.S.C. §§ 101 (35), 5108.

5. New and relevant evidence has not been submitted to reopen the claim of service connection for a low back disability. 38 U.S.C. §§ 101 (35), 5108.

6. The appeal seeking revision of the March 2015 Board decision on the basis of CUE is dismissed. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.1100, 20.1400, 20.1402, 20.1404, 20.1405. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the Marine Corps from July 1971 to July 1975. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

In a September 2018 rating decision, the RO issued favorable findings that new and relevant evidence had been received to reopen the claims for service connection for a left ankle disability and left knee disability. These service connection claims are addressed in the remand section below. 

New and Relevant Evidence

If new and relevant evidence is presented or secured with respect to a supplemental claim, the Secretary shall readjudicate the claim taking into consideration all of the evidence of record. 38 U.S.C. § 5108. New evidence means existing evidence not previously submitted to agency decisionmakers. Relevant evidence means evidence that tends to prove or disprove a matter in issue. 38 U.S.C. §§ 101 (35). 

Right Hip and Low Back

The Board finds that new and relevant evidence has not been submitted to reopen the claims of service connection for a right hip disability or low back disability. See 38 U.S.C. §§ 101 (35), 5108. These claims were previously denied as there was no evidence of in-service occurrence or nexus to service. In December 2016, the Veteran filed his request to reopen his claims for service connection for a right hip condition and a low back condition. New evidence received relative to the right hip and low back includes a December 2016 claim to reopen and power of attorney documentation. The Veteran also submitted duplicate medical records and correspondence that were previously considered. In addition, VA treatment records were received. However, none of the submitted evidence tends to prove or disprove the matters in issue: whether the Veteran’s right hip disability and low back disability were related to his active service. See 38 U.S.C. §§ 101 (35). Accordingly, the Board finds that new and relevant evidence has not been submitted to reopen the Veteran’s claims of service connection for a right hip disability and low back disability. See id. 

CUE

The Board notes that the Veteran’s December 2016 statement also alleged CUE as to the denial of service connection for a low back disability. 

Although it was not specified whether the Veteran alleged CUE as to the January 2008 rating decision or the March 2015 Board decision, the RO determined in a May 2017 rating decision that there was no evidence of CUE. 

The Board notes, however, that when the Board affirms a decision of an RO, the RO determination is subsumed by the final appellate decision. 38 C.F.R. § 20.1104. In effect, then, no claim of CUE can exist with respect to that RO decision as a matter of law. See 38 C.F.R. § 20.1104. In the instant case, the CUE motion may only pertain to the March 2015 Board decision and as such, the adjudication of the CUE motion is not for consideration by the RO. See 38 C.F.R. §§ 20.1402, 20.1405. 

Notwithstanding the foregoing, the Veteran may challenge the Board’s March 2015 decision through a motion for revision of the March 2015 Board decision on the basis of CUE (which the Board is already considering) pursuant to 38 C.F.R. § 20.1400 et. seq.

As the Veteran cannot collaterally attack the March 2015 Board decision through the current rating decision on appeal, the Veteran’s appellate claim seeking revision of the March 2015 Board decision is dismissed. 

Service Connection Claims

The Veteran contends that he has a bladder condition, bowel condition, and left hip condition as a result of his active duty service. 

Service connection may be granted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in or aggravated by active military service. See 38 U.S.C. § 1131; 38 C.F.R. § 3.303. “To establish a right to compensation for a present disability, a veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service”--the so-called “nexus” requirement.” Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

As an initial matter, the Board notes that prior to the September 2018 rating decision on appeal, there is no evidence that the Veteran has current diagnoses of a bladder condition, bowel condition, or left hip condition. 

Service treatment records are silent for complaint, treatment, or diagnosis of any of these conditions. The Board acknowledges that post-service in an August 2003 treatment record, the Veteran reported hip pain associated with his low back disability, which he sustained following a work-related injury in June 2001. Nevertheless, the physician did not diagnose the Veteran with any hip disability, and there is no other medical evidence of record demonstrating a current left hip disability. Similarly, VA and private treatment records do not show any treatment or diagnoses of a bladder condition or bowel condition. Without a current diagnosis of a disability, the Board is unable to grant a claim for service connection. Brammer v. Derwinski, 3 Vet. App 223, 225 (1992).

As the Veteran does not have any diagnoses of a bladder condition, bowel condition, or left hip condition, there is no current disability and the first element of service connection has not been met. Therefore, service connection must be denied. In reaching this decision the Board considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the Veteran’s claims, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

REASONS FOR REMAND

1. Entitlement to service connection for a left ankle condition is remanded.

The issue of entitlement to service connection for a left ankle condition is remanded to correct a duty to assist error that occurred prior to the September 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a January 2008 medical opinion prior to the September 2018 rating decision on appeal. The examiner opined that the Veteran’s left ankle disability was not caused or aggravated by his active service, but provided no rationale for this opinion. Based on the January 2008 medical opinion, the Board denied service connection in a March 2015 decision, finding that there was no evidence of a current left ankle disability. A January 2017 imaging report noted degenerative changes of the left ankle. The previous January 2008 medical opinion did not address whether the Veteran’s left ankle arthritis had its onset in service or is otherwise related to service, including his treatment for left ankle sprain in January, February, and March 1975. As the AOJ did not obtain a VA opinion regarding this issue prior to the September 2018 rating decision on appeal, remand is necessary for a VA examination. 

2. Entitlement to service connection for a left knee condition is remanded.

3. The issue of entitlement to service connection for a left knee condition is remanded to correct a duty to assist error that occurred prior to the September 2018 rating decision on appeal. The AOJ did not obtain a VA examination prior to the September 2018 rating decision on appeal. However, based on the evidence associated with the claims file prior to the September 2018 rating decision, including the Veteran’s diagnosis of left knee arthritis in January 2017, the Board finds that a VA examination is required to determine whether the Veteran’s left knee condition is related to service.

4. Entitlement to service connection for erectile dysfunction is remanded.

The issue of entitlement to service connection for erectile dysfunction is remanded to correct a duty to assist error that occurred prior to the September 2018 rating decision on appeal. The Veteran has a current diagnosis of erectile dysfunction. However, the AOJ did not obtain a VA examination prior to the September 2018 rating decision on appeal. Based on the evidence associated with the claims file prior to the September 2018 rating decision, including the Veteran’s diagnosis of erectile dysfunction in November 2015, the Board finds that a VA examination is required to determine whether the Veteran’s erectile dysfunction is related to service.

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any left ankle disability. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including his in-service reports and subsequent treatment for two ankle sprains noted in January 1975, February 1975, and March 1975. 

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any left knee disability. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease.

3. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any erectile dysfunction. The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease.

 

JENNIFER HWA

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD J. Freeman, Associate Counsel